UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, <br><br> *Plaintiff*, <br><br> -against- <br><br> JOHN DOE, <br><br> *Defendant*. | 1:21-cv-03796 <br><br> **COMPLAINT** |

## INTRODUCTION

1.  Plaintiff, Todd C. Bank ("Bank"), brings this action for violations of a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

2.  Bank brings this action individually.

3.  Bank intends to seek to represent a class of all other persons who would be members, as described below, of the "Federal Robocall Class."

4.  Bank intends to seek to represent a class of all other persons who would be members, as described below, of the "Federal Do-Not-Call Class."

5.  Bank intends to seek to represent a class of all other persons who would be members, as described below, of the "New York Class."

6.  The period of the Federal Robocall Class is the date that the first corresponding claim existed through the date of commencement of this action (the "Federal Robocall Class Period").

7.  The period of the Federal Do-Not-Call Class is the date that the first corresponding claim existed through the date of commencement of this action (the "Federal Do-Not-Call Class Period").

8. The period of the New York Class is the date that the first corresponding claim existed through the date of commencement of this action (the "New York Class Period").

9. Bank seeks individually, and intends to seek on behalf of the other putative members of the Federal Robocall Class, statutory damages and injunctive relief.

10. Bank seeks individually, and intends to seek on behalf of the other putative members of the Federal Do-Not-Call Class, statutory damages and injunctive relief.

11. Bank seeks individually, and intends to seek on behalf of the other putative members of the New York Class, statutory damages, injunctive relief, and reasonable legal fees.

12. The term "person," as used in this Complaint, incorporates the definition of "person" provided in 1 U.S.C. Section 1.

## PARTIES

13. Bank is a resident of the Eastern District of New York.

14. Defendant, John Doe, is an unknown natural person or entity.

## JURISDICTION AND VENUE

15. The Court has jurisdiction over the federal-law claims under 28 U.S.C. Section 1331.

16. The Court has jurisdiction over the state-law claims under 28 U.S.C. Section 1367(a).

17. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## FACTS

18. During the Federal Robocall Class Period, John Doe initiated, to residential telephone lines and to telephone numbers assigned to a cellular telephone service, numerous telephone calls using a prerecorded voice to deliver a message (a "Prerecorded Message") for the purpose of encouraging the purchase of purported discounted-energy services Doe (the "John Doe Telephone Calls").

2

19. During the Federal Do-Not-Call Class Period, John Doe placed, during a 12-month period, multiple John Doe Telephone Calls to numerous telephone numbers that had, as of the placement of at least two such telephone calls, been registered on the National Do-Not-Call Registry for at least 31 days.

20. During the New York Class Period, John Doe placed, to telephone numbers with an area code of 212, 315, 332, 347, 516, 518, 585, 607, 631, 646, 680, 716, 718, 845, 914, 917, 929, or 934 ("New York Telephone Numbers"), numerous John Doe Telephone Calls (the "New York Telephone Calls").

21. The persons on whose behalf this Complaint asserts claims in connection with the John Doe Telephone Calls are the putative members of the Federal Robocall Class.

22. The persons on whose behalf this Complaint asserts claims in connection with the telephone calls described in paragraph "19" are the putative members of the Federal Do-Not-Call Class.

23. The persons on whose behalf this Complaint asserts claims in connection with the New York Telephone Calls are the putative members of the New York Class.

24. On July 16, 2019, a New York Telephone Call was placed to a residential telephone number ("Bank's Telephone Number") of which Bank was a regular and customary user and that was assigned to a residence in the Eastern District of New York.

25. On July 17, 2019, a New York Telephone Call was placed to Bank's Telephone Number.

26. On July 30, 2019, a New York Telephone Call was placed to Bank's Telephone Number.

27. On August 1, 2019, a New York Telephone Call was placed to Bank's Telephone Number.

3

28. On August 6, 2019, a New York Telephone Call was placed to Bank's Telephone Number.

29. On August 7, 2019, a New York Telephone Call was placed to Bank's Telephone Number.

30. On August 7, 2019, a second New York Telephone Call was placed to Bank's Telephone Number.

31. As of the placement of each of the telephone calls described in paragraphs "25" through "30," Bank's Telephone Number had been registered on the National Do-Not-Call Registry for at least 31 days.

32. The John Doe Telephone Calls were not preceded by the written consent of anyone who had the legal authority to provide such consent.

33. The New York Telephone Calls were placed with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

34. The Prerecorded Message of the New York Telephone Calls (the "New York Prerecorded Message") did not state the name of the person on whose behalf the New York Telephone Calls were placed.

35. The New York Prerecorded Message did not state the address of the person on whose behalf the New York Telephone Calls were placed.

36. The New York Prerecorded Message did not state the telephone number of the person on whose behalf the New York Telephone Calls were placed.

## FIRST CAUSE OF ACTION

37. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "36" inclusive of this Complaint as if fully set forth herein.

38. John Doe violated 47 U.S.C. Section 227(b)(1) with respect to Bank and the other putative members of the Federal Robocall Class.

39. Bank and the other putative members of the Federal Robocall Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining John Doe from violating 47 U.S.C. Section 227(b)(1).

40. Bank and the other putative members of the Federal Robocall Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

41. In the event that John Doe willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other putative members of the Federal Robocall Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(b)(3)(C).

## SECOND CAUSE OF ACTION

42. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "36" inclusive of this Complaint as if fully set forth herein.

43. John Doe violated 47 C.F.R. Section 64.1200(c)(2) with respect to Bank and the other putative members of the Federal Do-Not-Call Class.

44. Bank and the other putative Members of the Federal Do-Not-Call Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(c)(5)(A), enjoining John Doe from violating 47 C.F.R. Section 64.1200(c)(2).

45. Bank and the other putative Members of the Federal Do-Not-Call Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(c)(5).

46. In the event that John Doe willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2), Bank and the other putative Members of the Federal Do-Not-Call Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Section 227(c)(5).

### THIRD CAUSE OF ACTION

47. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "36" inclusive of this Complaint as if fully set forth herein.

48. John Doe violated GBL Section 399-p(3)(a) with respect to Bank and the other putative members of the Federal Robocall Class.

49. Bank and the other putative members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining John Doe from violating GBL Section 399-p(3)(a).

50. Bank and the other putative members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

51. Bank and the other putative members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

### CLASS ALLEGATIONS

52. Bank, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, brings this action individually, and as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of: (i) the other putative members of the Federal Robocall Class; (ii) the other putative members of the Federal Do-Not-Call Class; and (iii) the other putative members of the New York Class.

53. Bank believes, with respect to the Federal Robocall Class, the Federal Do-Not-Call Class, and the New York Class (the "Classes"), that there are at least hundreds of persons whose claims are similar to Bank's individual claims, and, furthermore, that Bank's individual claims are typical of the claims of the other putative members.

54. Bank would fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the putative members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other putative members of the Classes.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the membership of each of the Classes would be so numerous that joinder of all of the putative members of the Classes would be impracticable, and because the damages suffered by most of the putative members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation make it impracticable for putative members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

56. Common questions of law and fact predominate over questions that affect only individual putative members of the Federal Robocall Class. Among these questions are:

   (i) whether John Doe violated Section 227(b)(1) of the TCPA;

   (ii) whether John Doe willfully or knowingly violated Section 227(b)(1) of the TCPA;

   (iii) whether the putative members of the Federal Robocall Class are entitled to injunctive relief as a result of John Doe's violations of Section 227(b)(1) of the TCPA; and

   (iv) whether the putative members of the Federal Robocall Class are entitled to damages as a result of John Doe's violations of Section 227(b)(1) of the TCPA, and, if so, how much.

57. Common questions of law and fact predominate over questions that affect only individual Federal Do-Not-Call Class Members. Among these questions are:

   (i) whether John Doe violated 47 C.F.R. Section 64.1200(c)(2);

   (ii) whether John Doe willfully or knowingly violated 47 C.F.R. Section 64.1200(c)(2);

7

(iii) whether the members of the Federal Do-Not-Call Class are entitled to injunctive relief as a result of John Doe's violations of 47 C.F.R. Section 64.1200(c)(2); and

(iv) whether the members of the Federal Do-Not-Call Class are entitled to damages as a result of John Doe's violations of 47 C.F.R. Section 64.1200(c)(2), and, if so, how much.

58. Common questions of law and fact predominate over questions that affect only individual putative members of the New York Class. Among these questions are:

(i) whether John Doe violated GBL Section 399-p(3)(a);

(ii) whether the putative members of the New York Class are entitled to injunctive relief as a result of John Doe's violations of GBL Section 399-p(3)(a);

(iii) whether the putative members of the New York Class are entitled to damages as a result of John Doe's violations of GBL Section 399-p(3)(a); and

(iv) whether the putative members of the New York Class are entitled to reasonable legal fees as a result of John Doe's violations of GBL Section 399-p(3)(a).

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff intends to demand judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other putative members of the Federal Robocall Class;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other putative members of the Federal Robocall Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(d) Pursuant to 47 U.S.C. Section 227(c)(5)(A), an order enjoining Defendant from violating 47 C.F.R. § 64.1200(c)(2);

(e) Pursuant to 47 U.S.C. Section 227(c)(5)(B), statutory damages of $500 per violation of 47 C.F.R. § 64.1200(c)(2) for Plaintiff and the other putative members of the Federal Do-Not-Call Class;

(f) Pursuant to 47 U.S.C. Section 227(c)(5)(C), up to $1,000 of statutory damages for Plaintiff and the other putative members of the Federal Do-Not-Call Class, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 C.F.R. § 64.1200(c)(2);

(g) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other putative members of the New York Class;

(h) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a);

(i) Pursuant to New York General Business Law Section 399-p(9), reasonable legal fees for Plaintiff and the other putative members of the New York Class; and

(j) An award, to Plaintiff and the other putative members of each Class, of the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: July 6, 2021

                                            Respectfully submitted,

                                             *s/ Todd C. Bank*
                                            TODD C. BANK,
                                             ATTORNEY AT LAW, P.C.
                                            119-40 Union Turnpike
                                            Fourth Floor
                                            Kew Gardens, New York 11415
                                            (718) 520-7125
                                            By Todd C. Bank

                                            *Counsel to Plaintiff*