Todd C. Bank, Attorney at Law, P.C.
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York  11415
Telephone: (718) 520-7125
Facsimile: (856) 997-9193

www.toddbanklaw.com                                          tbank@toddbanklaw.com

July 19, 2021

United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201
Attn.: Magistrate Judge Sanket J. Bulsara

      Re:    Todd C. Bank v. John Doe
            Case 1:21-cv-03796-MKB-SJB

Dear Judge Bulsara:

      I, the plaintiff in the above-referenced matter, move, as directed by the text order of the Court dated July 16, 2021, for leave to conduct pre-initial-conference discovery pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure.

      I have asserted claims against unknown-defendant "John Doe" for violations of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p. Those claims are based upon seven telephone calls that I received in 2019, *see* Compl. (Dkt. No. 1), ¶¶ 24-30, each of which resulted in the leaving of a pre-recorded message on my voicemail. Although these messages did not identify either the caller, the messages were identical, in all respects, to other pre-recorded messages that were played when I had answered the telephone and that led to my speaking with live persons and learning of the identity of the businesses that were advertising their services through these calls: Spark Energy, LLC ("Spark"), which is a limited-liability company organized and existing under the laws of Texas with a principal place of business at 12140 Wickchester Lane, Suite 100, Houston, Texas 77079, and Verde Energy USA, Inc. ("Verde"), which is a wholly-owned subsidiary of Spark that is organized and existing under the laws of Delaware with the same principal place of business as that of Spark. I brought actions in this District against these companies as a result of those calls: respectively, Nos. 1:19-cv-04478-PKC-LB and 1:19-cv-01472-AMD-LB. The former was dismissed for failure to state a claim, and the dismissal was affirmed on appeal (2d Cir. No. 20-4071; Summary Order dated June 8, 2021, Doc. 67-1); in the latter, summary judgment was granted to the defendant on September 18, 2020 (Dkt. No. 36) on the basis that the defendant had been released by a previous settlement between the parties (*appeal pending*, 2d Cir. No. 20-4276).

      It is reasonably likely that Spark/Verde would have information regarding the telephone calls at issue in this action, and I therefore respectfully request that I be permitted to engage in discovery with Spark/Verde to determine whether they were involved in the calls and whether, if a third party(ies) made the calls, the identity(ies) thereof. As explained in *United States v. Smith*, No. 18-cv-3920, 2019 WL 6336884 (E.D.N.Y. Sept. 30, 2019):

Magistrate Judge Sanket J. Bulsara  *Bank v. Doe*
July 19, 2021  Case 1:21-cv-03796-MKB-SJB
-page 2-

> Pursuant to FRCP 26 (d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts in this district have applied a flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request. The reasonableness and good cause test requires only that the moving party prove that the requests are reasonable under the circumstances. A request meets the reasonableness standard where expedited discovery may lead to evidence of additional and continuing violations.

*Id.* at *14 (citations and quotation marks omitted). I believe that my request is reasonable under the circumstances, as I would otherwise be unable to identify the defendant.

Sincerely,

  s/ *Todd C. Bank*

Todd C. Bank

TCB/bd