UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK,

                *Plaintiff*,

-against-

JOHN DOE,

                *Defendant*.

1:21-cv-03796-MKB-SJB

**SUBPOENA IN A CIVIL ACTION**

**TO:**   Spark Energy, LLC
        12140 Wickchester Lane
        Suite 100
        Houston, Texas  77079

**YOU ARE COMMANDED** to remotely appear at the time, date, and place set forth below to testify at a deposition to be taken, in this civil action, by the plaintiff, Todd C. Bank. You must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters as set forth in Exhibit "A" hereto.

| **PLACE** | **DATE AND TIME** |
|---|---|
| To be determined by agreement of the parties | September 9, 2021, at 10:00 a.m. |

You, or your representatives, must also bring with you, to the deposition, the documents, electronically-stored information, or objects as set forth in Exhibit "B" hereto, and must permit inspection, copying, testing, or sampling of the material.

**ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**SO-ORDERED:**

_____
Sanket J. Bulsara
United States Magistrate Judge

Dated: _____, \_\_\_\_\_, 2021

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** For Other Discovery. A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** Command to Produce Materials or Permit Inspection.
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** Quashing or Modifying a Subpoena.
    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** Claiming Privilege or Protection.
**(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt**. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## INSTRUCTIONS

a. In the event that any document called for by a Request is withheld on the basis of a claim of privilege, identify that document by stating its author(s), addressee(s), indicated or blind-copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom the documents was distributed, shown or explained, present custodian, and the nature of the claimed privilege.

b. If any document requested was, but no longer is, in your possession or subject to your control, state: (a) the date of its disposition; (b) the manner of its disposition (*e.g.*, lost, destroyed, or transferred to any third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

c. Any Requests for documents pertaining to dates may be responded with documents showing a range of dates if more precise dates are not available.

d. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

e. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

f. The use of the singular form of any word includes the plural and vice versa.

g. Unless otherwise indicated, each Request shall be answered with respect to the Relevant Period.

## DEFINITIONS

a. "Spark" means: (a) (1) Spark Energy, LLC, which is a Texas corporation whose principal place of business is in Houston, Texas; and, (2) any predecessor or successor thereof; (b) (1) any corporate parent, corporate subsidiary, or division of Spark, and (2) predecessor or successor thereof; and (c) any agents and subcontractors of Spark acting as a result of a business relationship to which Spark is, or was, a party.

b. The terms "you" and "Responding Party" means Spark.

c. The term "any" means "each" and "all."

    d.    The term "Relevant Period" means the period from July 16, 2019, through August 7, 2019.

    e.    The term "document" means any written or graphic material, whether in a hard format such as paper of an electronically format stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations. A draft or non-identical copy is a separate document.

    f.    The term "indicate" means to directly or indirectly do any of the following: show, reflect, refer to, or describe.

    g.    The term "identify," with respect to persons, means to give, to the extent known, the person's full name and mostly recently known address.

    h.    The term "identify," with respect to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

    i.    The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

    j.    The term "telephone" means a device that coverts sound and electrical waves into audible relays.

    k.    The term "telephone call" means the transmission of any communication that is: (i) connected, directly or indirectly, to a public switched-telephone network (PSTN), and/or a voice-over-internet-protocol (VOIP) network, and/or any other network, and (ii) transmitted to a receiving number regardless of how the transmission is enabled and regardless of how many, if any, of the numbers of the receiving number are utilized in the process that enables the transmission.

    l.    The term "receiving number" means a ten-digit number consisting of a three-digit Numbering Plan

Area (NPA) code, commonly called an area code, followed by a seven-digit local number.

  m.  The term "answering system" means a physical device or electronic-storage system that can enables a person, when making a telephone call that is not answered by a live person, to leave a message that can be heard thereafter.

  n.  With respect to a telephone call, the term "answer," as both a verb and noun, refers the answering of a telephone call by at least one of the following methods: (i) a person; (ii) an answering system; or (iii) a person and an answering system (as occurs, for example, when a call is answered by an answering system and then also answered by a person, or vice-versa ).

  o.  The term "Subject Telephone Call" means a telephone call that, during the Relevant Period, was placed to the telephone number (718) XXX-XXXX [the actual number will be provided to Spark with this Subpoena].

# EXHIBIT "A"

1. The identity of any person that placed, or was reasonably likely to have placed, any Subject Telephone Call.

2. The identity of any person that, either directly or indirectly, arranged for the placing, or was reasonably likely to have arranged for the placing, of any Subject Telephone Call.

3. The identity of any person that, during the Relevant Period, placed, or was reasonably likely to have placed, any telephone call wherein previously recorded material was played upon the answering of such call, followed by a live person's attempt to sell services that Spark provided.

4. The identity of any person that, either directly or indirectly, arranged for the placing, or was reasonably likely to have arranged for the placing, of any telephone call described in paragraph "3."

5. The identity of any person that was alleged to have placed any telephone call as described in paragraph "3."

6. The identity of any person that was alleged to have, either directly or indirectly, arranged for the placing of any telephone call described in paragraph "3."

**EXHIBIT "B"**

1. Complete copies of any and all documents that identify any person that placed, or was reasonably likely to have placed, any Subject Telephone Call.

2. Complete copies of any and all documents that identify any person that arranged for the placing, or was reasonably likely to have arranged for the placing, of any Subject Telephone Call by another person, either directly or indirectly.

3. Complete copies of any and all documents that identify any person that, during the Relevant Period, placed, or was reasonably likely to have placed, any telephone call wherein previously recorded material was played upon the answering of such call, followed by a live person's attempt to sell services that Spark provided.

4. Complete copies of any and all documents that identify any person that, either directly or indirectly, arranged for the placing, or was reasonably likely to have arranged for the placing, of any telephone call as described in paragraph "3."

5. Complete copies of any and all documents that identify any person that was alleged to have placed any telephone call as described in paragraph "3."

6. Complete copies of any and all documents that identify any person that was alleged to have, either directly or indirectly, arranged for the placing of any telephone call described in paragraph "3."